**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———

**No. 18-4193**

———

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

WILLIAM TAYLOR KASEY,

        Defendant - Appellant.

———

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Arenda L. Wright Allen, District Judge. (4:17-cr-00062-AWA-RJK-1)

———

Submitted: November 30, 2018           Decided: February 28, 2019

———

Before GREGORY, Chief Judge, and NIEMEYER and WYNN, Circuit Judges.

———

Vacated and remanded by unpublished per curiam opinion.

———

Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Alexandria, Virginia, Wilfredo Bonilla, Jr., Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Norfolk, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Eric M. Hurt, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

———

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Taylor Kasey pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2012). After finding that Kasey had a prior conviction for a crime of violence under U.S. Sentencing Guidelines Manual § 2K2.1(a)(3)(A)(i), (B) (2016), the district court sentenced Kasey to the statutory maximum of 120 months of imprisonment. On appeal, Kasey argues that the district court incorrectly calculated his Sentencing Guidelines range by concluding that one of his prior convictions qualified as a "crime of violence" under USSG § 4B1.2(a). The Government counters that the district court did not err and that, even if it had, any such error was harmless. We vacate Kasey's sentence and remand.

In determining whether a district court properly applied the Sentencing Guidelines, we review a district court's factual findings for clear error and its legal conclusions de novo. *United States v. Oceanic Illsabe Ltd.*, 889 F.3d 178, 194 (4th Cir. 2018). "We 'review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard.'" *United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51.

We conclude that the district court committed procedural error in calculating Kasey's Guidelines range. When we find a procedural error at sentencing, the burden is on the Government to show that the error is harmless. *United States v. Martinovich*, 810 F.3d 232, 243 (4th Cir. 2016). "A Guidelines error is considered harmless if we determine

2

that (1) the district court would have reached the same result even if it had decided the guidelines issue the other way, and (2) the sentence would be reasonable even if the guidelines issue had been decided in the defendant's favor." *United States v. Gomez-Jimenez,* 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted). Here, the district court did not expressly state that Kasey's sentence would be the same even if the Guidelines were calculated in error, and, based on the record before us, we cannot say with "certain[ty] that the result at sentencing would have been the same." *United States v. Montes-Flores*, 736 F.3d 357, 370 (4th Cir. 2013) (internal quotation marks omitted).

Accordingly, we vacate the judgment of the district court and remand for further proceedings. *See United States v. Lynn*, 592 F.3d 572, 585 (4th Cir. 2010). On remand, we request that the district court consider the impact, if any, of the Supreme Court's recent decision in *Stokeling v. United States*, 139 S. Ct. 544 (2019). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

3